**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1408
_____

YURIY S. EPSHTEYN,
                              Appellant

v.

CHARLES B. BURR, II,
Senior Judge, Court of Common Pleas, Delaware County, Pa.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-07398)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: July 27, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Yuriy Epshteyn, pro se and in forma pauperis ("IFP"), appeals from an order of the District Court dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). For the following reasons, we will affirm the District Court's judgment.

Epshteyn sued Philadelphia County Court of Common Pleas Senior Judge Charles Burr, II, under 42 U.S.C. § 1983. Epshteyn alleged that Judge Burr entered erroneous and fraudulent orders favoring a counterclaimant in Epshteyn's state court case over a land dispute. Epshteyn requested damages and injunctive relief including setting aside Judge Burr's judgments and reinstating Epshteyn's state court case. The District Court granted Epshteyn's motion to proceed IFP but dismissed his complaint with prejudice under § 1915(e)(2)(B). Epshteyn timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Epshteyn's complaint under § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In screening IFP complaints, a district court must dismiss an action if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune to such a claim. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). To adequately state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under the doctrine of judicial immunity, a judge is immune from suit for monetary damages arising from his judicial acts. Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768

2

(3d Cir. 2000). The only exceptions are for nonjudicial actions or those "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S 9, 11–12 (1991). Deciding issues in Epshteyn's case was a quintessentially judicial activity, and Ephsteyn does not suggest that Judge Burr clearly lacked subject matter jurisdiction over the dispute. See id. While Epshteyn alleged that Judge Burr erred by (1) submitting the state case for arbitration, (2) denying Epshteyn's request for IFP status, (3) upholding a verdict awarding the counterclaimant relief against Epshteyn, and then (4) holding Epshteyn in contempt of court when he failed to satisfy that judgment, mere error would not strip Judge Burr's immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006).

While Epshteyn also argues that Judge Burr acted fraudulently or with bias in favor of the counterclaimant, even malicious or corrupt judicial actions do not deprive a judge of immunity. See Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)). Moreover, Epshteyn's claims of fraud and bias appear to rest primarily on allegations that: (1) Judge Burr rendered decisions in the counterclaimant's favor and (2) rather than drafting some of his orders himself, Judge Burr filled out and signed proposed orders submitted by the counterclaimant and bearing his lawyer's heading. Even assuming their truth, such factual allegations do not support a plausible inference that Burr had a conflict of interest for which due process required his recusal. See, e.g., Withrow v. Larkin, 421 U.S. 35, 46–47 (1975).

As for Epshteyn's challenge to the validity of Judge Burr's orders, among federal courts, only the U.S. Supreme Court has jurisdiction to review and overturn state court

3

judgments.  See 28 U.S.C. § 1257(a); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005) (citations omitted).  Therefore, neither we nor the District Court has jurisdiction to review and potentially vacate Judge Burr's orders and/or reinstate Epshteyn's state court case.

Finally, under the circumstances of this case, the District Court did not abuse its discretion in denying leave to amend on the grounds of futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we will affirm the judgment of the District Court.